UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 13-11179-RGS

GERALD EHRSTEIN

v.

OCWEN LOAN SERVICING, LLC
CITIBANK, N.A. AS TRUSTEE FOR
AMERICAN HOME MORTGAGE
ASSETS TRUST 2006-4

MEMORANDUM AND ORDER ON
DEFENDANTS' RENEWED MOTION TO DISMISS

April 16, 2014

STEARNS, D.J.

Plaintiff Gerald Ehrstein commenced this action on May 13, 2013, filing a Verified Complaint and Motion for Preliminary Injunction, asking the court to prevent a foreclosure scheduled for May 15, 2013. In his Verified Complaint, Ehrstein alleged that defendants Ocwen Loan Servicing, LLC and Citibank, N.A., as Trustee for American Home Mortgage Assets Trust 2006-4, Mortgage-Backed Pass-Through Certificates, Series 2006-4, violated Mass. Gen. Laws ch. 244, §35A, by failing to provide requisite notice prior to initiating the foreclosure proceedings. Also Ehrstein asserted that defendants did not comply with the Home Affordable Modification (HAMP) program in connection with his loan. Ehrstein advanced three causes of action – Count

I - declaratory judgment (against both defendants); Count II - breach of contract (against Ocwen); and Count III - breach of implied duty of good faith and fair dealing (against both defendants).

On May 28, 2013, defendants filed a motion to dismiss the Verified Complaint. As the parties represented that they had undertaken settlement discussions, the court took the parties' respective motions under advisement and ordered a status report by July 3, 2013. Unable to settle the matter, the parties filed a proposed joint pretrial schedule. On August 30, 2013, the court denied Ehrstein's motion for preliminary injunction and defendants' motion to dismiss, without prejudice to refile after the parties engaged in discovery. On March 31, 2014, defendants renewed their dispositive motion.

Attached to their memorandum in support of the motion, defendants submit a copy of the Notice of Default sent to Ehrstein on February 10, 2009, and the Mortgagee's Affidavit filed with the Massachusetts Land Court.[1] Defendants represent that, as Ehrstein made three monthly trial plan payments under HAMP, on December 24, 2013, they provided him with a

---

[1] In ruling on a motion to dismiss, the court may look to matters of public record. *Boateng v. InterAmerican Univ., Inc.*, 210 F.3d 56, 60 (1st Cir. 2000). The court may also look to documents the authenticity of which are not disputed by the parties, to documents central to the plaintiff's claim, and to documents referenced in the complaint. *Watterson v. Page*, 987 F.2d 1, 3-4 (1st Cir. 1993). Moreover, discovery is completed in this case.

HAMP modification agreement. Because Ehrstein failed to execute and return the agreement until March 10, 2014, the modification was rendered incomplete.

Defendants state that Ehrstein conducted no discovery in this case. Also, he has failed to oppose their dispositive motion.

## DISCUSSION

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Two basic principles guide the court's analysis. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. A claim is facially plausible if its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *S.E.C. v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010).

Ehrstein's first claim is one for declaratory relief – that "in light of

3

[defendants'] noncompliance with Massachusetts statutory requirements . . .[they are not authorized to proceed with [a] foreclosure sale." Verified Compl. ¶¶ 44-45. However, defendants proffer a certified copy of the Mortgagee's Affidavit filed with the Massachusetts Land Court, with a copy of the Mass. Gen. Laws ch. 244, §35A notice appended. Defendants offer that, contrary to Ehrstein's assertions, this notice was provided to him and an affidavit regarding such notice was filed with the Land Court.

With regard to Count II, "under Massachusetts law, a breach of contract claim requires the plaintiff to show that (1) a valid contract between the parties existed, (2) the plaintiff was ready, willing, and able to perform, (3) the defendant was in breach of the contract, and (4) the plaintiff sustained damages as a result." *Bose Corp. v. Ejaz*, 732 F.3d 17, 21 (1st Cir. 2013), citing *Singarella v. City of Boston*, 342 Mass. 385, 387 (1961). First, HAMP does not create a private right of action. *Young v. Wells Fargo Bank, N.A.*, 717 F.3d 224, 234 (1st Cir. 2013); see also *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 559 n.4 (1st Cir. 2012) ("[S]ome homeowners [have] tried to assert rights arising under HAMP itself. Courts have uniformly rejected these claims because HAMP does not create a private federal right of action for borrowers against servicers."). Notwithstanding, as Ehrstein failed to timely execute the HAMP modification agreement defendants represent that there was no

4

contract between the parties. Ehrstein has not refuted this assertion. Without a valid, enforceable contract, there can be no implied covenant of good faith and fair dealing. *See Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc.*, 412 F.3d 215, 230 (1st Cir. 2005) ("[T]he implied covenant of good faith and fair dealing governs conduct of parties after they have entered into a contract; without a contract, there is no covenant to be breached."); *see also Chokel v. Genzyme Corp.*, 449 Mass. 272, 275-276 (2007); *Levenson v. L.M.I. Realty Corp.*, 31 Mass. App. Ct. 127, 131 (1991).

### ORDER

For the foregoing reasons, defendants' renewed motion to dismiss is ALLOWED. The Clerk will now close this case.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE